UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMERY ARTIMESE DARLING,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JAMES POWELL,<br><br>Defendant. | No. 2:17-cv-01692-TLN-EFB<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on Plaintiff Tomery Artimese Darling's ("Plaintiff") Application for Temporary Restraining Order (ECF No. 3). For the reasons set forth below, Plaintiff's application is DENIED.

**I.   INTRODUCTION**

On August 15, 2017, Plaintiff filed a complaint. (ECF No. 1.) She alleges Defendant Michael James Powell ("Defendant") is concealing her children from her and on July 30, 2017, moved the children to an undisclosed location. (ECF No. 1 at 5.) Plaintiff alleges Defendant's "conduct directly caused third party physical violence and/or emotional injury to the children." (ECF No. 1 at 5.) Plaintiff filed her application for a temporary restraining order on the same day she filed her complaint. (ECF No. 3.) She requests a TRO for the following reasons:

> To restrain Defendant, [] from (i) obeying Michigan Judgment he knowingly and willfully agreed to on November 5, 2010 (ii) forcing separation between Plaintiff and her two children (iii) trespassing

1

> upon the constitutional right of the children to maintain a relationship with their natural mother (iv) taking any action or in action [sic] that would adversely impact plaintiff exercising her Right to he care, custody, and control of the children (v) employing unwarranted state government interference in to private family affairs without the written consent of mother (vi) making knowingly false statements of child neglect or abuse (vii) taking any action or inaction detrimental to the Rights of the plaintiff and the children to exercise religious freedom, and education (viii) interfering with full restoral of Plaintiff's missed visitation and parenting before returning status quo (viiii) [sic] an order requiring defendant to show cause why a preliminary injunction should not issue to restrain defendant while this action is pending.

## II. LEGAL STANDARD

The same legal standard applies to both preliminary injunctions and temporary restraining orders. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

Plaintiff must show four things to receive a preliminary injunction or temporary restraining order. *Winter*, 555 U.S. at 20. First, Plaintiff must show that he is likely to suffer irreparable harm in the absence of preliminary relief. *Id*. Second, Plaintiff must show that he is likely to succeed on the merits. *Id*. Third, Plaintiff must show that the balance of equities tips in his favor. *Id*. Finally, Plaintiff must show that an injunction is in the public interest. *Id*. Plaintiff must "make a showing on all four prongs" of *Winter* to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In the Ninth Circuit, courts apply a sliding-scale approach. *Id.* Under this approach, a preliminary injunction may issue where Plaintiff has raised "serious questions on the merits" — rather than a more complete showing that he is likely to succeed on the merits — so long as the balance of hardships tips sharply in his favor and he satisfies the other two *Winter* prongs. *Id.*

## III. DISCUSSION

Plaintiff's motion fails both procedurally and substantively. Procedurally, Plaintiff has not complied with Eastern District Local Rule 231, which governs temporary restraining orders.

Rule 231 requires, among other things, that the party seeking a temporary restraining order file the following documents with the Court:

> (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given . . .; (6) a proposed temporary restraining order with a provision for a bond . . .; (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for filing the responsive papers, the amount of the bond, if any, and the date and hour of issuance . . .; and (8) in all instances in which a temporary restraining order is requested <u>ex parte</u>, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow."

L.R. 231(c). Plaintiff has not filed all of the required items. For example she has not filed "a brief on all relevant legal issues presented by the motion."[1] *Id*. Additionally, her proposed order does not comply with Local Rule 231(c)(6). Her motion may be denied on these grounds alone. *See Holcomb v. California Bd. of Psychology*, No. 2:15-cv-02154-KJM-CKD, 2015 WL 7430625, at *3 (E.D. Cal. Nov. 23, 2015) (indicating the Court had previously denied "plaintiff's motion without prejudice for failure to provide the required documents in compliance with Local Rule 231(c)").

Substantively, Plaintiff's request also falls short. None of Plaintiff's submissions discuss, let alone show, she is likely to succeed on the merits, the balance of equities tips in her favor or that an injunction is in the public interest. It follows that Plaintiff cannot "make a showing on all four prongs" of *Winter*. *Alliance for the Wild Rockies*, 632 F.3d at 1135. The Court need not analyze each prong of *Winter* where Plaintiff clearly cannot carry her burden. *Martin v. Select Portfolio Servicing, Inc.*, No. 2:16-cv-01860-TLN-KJN, 2016 WL 4211520, at *5 (E.D. Cal. Aug. 10, 2016). In short, Plaintiff has not satisfied *Winter* and her motion must be denied.

///

///

---

[1] Plaintiff filed one document titled Application for Temporary Restraining Order. (ECF No. 3.) The Court takes this document to be Plaintiff's motion pursuant to Local Rule 231(c)(2). The remainder of Plaintiff's documents do not present legal arguments such that they might be considered a brief under 231(c)(3).

### IV. CONCLUSION

For the reasons discussed above, Plaintiff's application for a temporary restraining order (ECF No. 3) is hereby DENIED without prejudice.

IT IS SO ORDERED.

Dated: August 16, 2017

Troy L. Nunley
United States District Judge