UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMERY ARTIMESE DARLING,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JAMES POWELL,<br><br>Defendant. | No. 2:17-cv-1692-TLN-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, the court lacks jurisdiction over this action which involve a child custody and visitation dispute and the complaint must be dismissed without leave to amend.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

This case appears to arise out of child custody and visitation dispute between plaintiff and defendant, who are the parents of two minor children. ECF No. 1 at 4. Plaintiff alleges that defendant has moved their two children out of California and refuses "to cooperate with custody and visitation orders . . . ." *Id*. at 5. She further alleges that "defendant was granted particular protection orders" that have "sever[ed] Plaintiff's parent-child relationship through bogus decisions, trials, or orders invading on [plaintiff's] protected rights." *Id*. The complaint does not assert any particular claim for relief. Plaintiff, however, does allege that this case arises out of prior litigation that occurred in Michigan and California state courts. *Id*.

Liberally construed, plaintiff's complaint seeks relief from child custody rulings issued by state courts. This court, however, lacks jurisdiction to review errors in state court decisions. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *see also Samuel v. Michaud*, 980 F. Supp. 1381, 1411 (D. Idaho 1996) ("The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case."). Additionally, the domestic relations exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (courts "traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife."). Because the core issue in this action concerns matters relating to child custody, this court lacks subject matter jurisdiction.

The only remining issue is whether plaintiff should be granted leave to amend her complaint. The instant action is related to several other cases plaintiff or defendant has filed in

this district, the majority of which have been dismissed or remanded to state court for lack of jurisdiction. *See Powell v. Darling*, 2:16-cv-1047 MCE CKD; *Powell et al. v. Department of Child Support Services, et al.*, 2:16-cv-1197 TLN GGH, *Powell v. Darling*, 2:17-cv-392 KJM DB; *Powell v. Darling*, 2:17-CV-1035 KJM CKD; *Darling v. Powell*, 2:14-cv-1670 GEB KJN; *Darling v. Gazzaniga, et al.*, 2:17-CV-1697 JAM KJN; *Darling v. Powell*, 2:17-CV-1723 KJM EFB. Given the complaint's jurisdictional deficiencies, as well as plaintiff's prior unsuccessful attempts to litigate family law disputes in this court, granting leave to amend would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE